BEFORE THE THIRD DIVISION, FEBRUARY 18, 1942

**No. 46959.**—Protest 60861–K (A) of McClintock, Stern Co., Inc. (San Francisco).

Opinion by CLINE, J. It was stipulated that the merchandise consists of ginger root not preserved or candied, unground, the same as that the subject of *Wilson* v. *United States* (28 C. C. P. A. 63, C. A. D. 126). The claim for free entry under paragraph 1768 was therefore sustained.

**No. 46960.**—Protest 69498–K of Q. W. Lung Co. (Boston).

Opinion by CLINE, J. In accordance with stipulation of counsel that certain of the drugs in question were crude they were held entitled to free entry under paragraph 1669 as claimed; those advanced in value were held dutiable at 10 percent under paragraph 34 as claimed. *Oy Wo Tong* v. *United States* (5 Cust. Ct. 70, C. D. 372) followed.

**No. 46961.**—Protest 52572–K of Catholic Chinese Mission (San Francisco).

Opinion by KEEFE, J. The evidence was confined to the embroidered cloths and it was disclosed that they are used for affairs of the church to cover tables and certain shrines. Since paragraph 1773 does not exempt such articles and following Abstract 37203 (old series) the embroidered cloths were held properly classified.

**No. 46962.**—Protest 849742–G of Meyer & Lange (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material surrounding the hams.

**No. 46963.**—Protests 990384–G, etc., of B. R. Anderson & Co. (Seattle).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Atlas Marine Supply Co.* v. *United States* (29 C. C. P. A. 20, C. A. D. 165) the drums or tanks in question were held entitled to free entry as claimed.